**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JAMES HARRE, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| TRAVIS WAYLAND, in his individual | ) | No. |
| capacity and as an agent of the following | ) | |
| party(s); HELICROPS, a/k/a TRI-AG | ) | |
| DISTRIBUTORS, INC., a/k/a TRI-COUNTY | ) | |
| AG LLC., a/k/a 618 HELICOPTERS, LLC., | ) | |
| a/k/a SPEAS AVIATION, a/k/a/ TRI-STATE | ) | |
| HELICOPTER, a domestic corporation; TRI- | ) | |
| AG DISTRIBUTORS, INC., a domestic | ) | |
| corporation; | ) | |
| UNITED PRAIRIE LLC., a/k/a MILLER AG | ) | |
| SERVICE, a domestic corporation; and | ) | |
| RODNEY HUNT, in his individual capacity. | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, JAMES HARRE, by and through counsel, NEWLAND AND NEWLAND LLP., hereby brings this Complaint against Defendants TRAVIS WAYLAND, in his individual capacity and as an agent of the following party(s); HELICROPS, a/k/a TRI-AG DISTRIBUTORS, INC., a/k/a TRI-COUNTY AG LLC., a/k/a 618 HELICOPTERS, LLC., a/k/a SPEAS AVIATION, a/k/a/ TRI-STATE HELICOPTER, a domestic corporation; TRI-AG DISTRIBUTORS, INC., a domestic corporation; UNITED PRAIRIE LLC., a/k/a MILLER AG SERVICE, a domestic corporation; and RODNEY HUNT, in his individual capacity.  For the allegations against said Defendants, Plaintiff states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is proper pursuant to the Federal Insecticide, Fungicide, and

Rodenticide Act, 7 U.S.C. § 136, *et. seq.*; the Federal Aviation Act, 49 U.S.C.S. § 1301 *et. seq,*

and the related Code of Federal Regulations (CFR) Title 14 Federal Aviation Regulations (FAR);

the Judicial Code 28 U.S.C. § 1331 and 1343(a); and the Constitution of the United States.  This

Court also has supplementary jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C.

§ 1367(a).

2.   The venue is proper in this District under 28 U.S.C. 28 U.S.C. § 1391(b)(1) where

Defendants, HELICROPS, a/k/a TRI-AG DISTRIBUTORS, INC., a/k/a TRI-COUNTY AG

LLC., a/k/a 618 HELICOPTERS, LLC., a/k/a SPEAS AVIATION, a/k/a/ TRI-STATE

HELICOPTER,  (hereinafter referred to simply as "HELICROPS"); TRI-AG DISTRIBUTORS,

INC., a domestic corporation (hereinafter referred to simply as "TRI-AG"); and RODNEY HUNT,

all maintain their principle place of business within this judicial district, and specifically within

the East ST. Louis division.

3.   Venue is further proper under § 1391(b)(2) where a substantial part of the events that gave

rise to this litigation occurred within Ramsey, Illinois, which is also located within this judicial

District and particularly within the East St. Louis division.

4.   Defendants TRAVIS WAYLAND, in his individual capacity and as an agent of

HELICROPS and/or UNITED PRAIRIE LLC., a/k/a MILLER AG SERVICE, a domestic

corporation (hereinafter referred to simply as "MILLER AG") will not be overly prejudiced by

Plaintiff's selection of this venue where MILLER AG, upon information and belief, maintains

their principal place of business nearby, in Champaign County, Illinois, and where Defendant

WAYLAND, at all times relevant herein, acted as an agent and/or employee of more than one of

the Defendants maintaining their principal place of business out of the Southern District of Illinois

of his own volition.

**PARTIES**

5. Plaintiff HARRE was at all times relevant herein a resident of Fayette County, Illinois who suffered injury also in Fayette County, Illinois.

6. Plaintiff states the status of all of the following parties and their interwoven relationship(s) upon information and belief and also reserves his right to *plead in the alternative*, herein as well as throughout this Complaint and in all allegations below, in accordance with 735 ILCS 5/2-613(b) as well as F.R.C.P. 8(a)(3 and 8(d)(2).

7. Upon information and belief, Defendant WAYLAND was, at all times relevant herein, an airline/helicopter pilot duly, operating within the course and scope of his official capacity as an agent and/or employee of co-Defendants HELICROPS and/or TRI-AG and/or MILLER AG.

8. Upon information and belief, Defendant HUNT, at all times relevant herein, owned, operated, maintained, and/or controlled a farm located at 2324 North 1025 Street in the Village of Ramsey, County of Fayette, and State of Illinois.

9. At all times relevant herein, County Road 2800 North was then and there a public roadway existing adjacent to and/or through the aforementioned farm then and there owned, operated, maintained and/or controlled by Defendant HUNT and at times relevant was open and available for use by the general public, including but not limited to Plaintiff HARRE.

10. Upon information and belief, at all times relevant herein, Defendant HELICROPS was a domestic corporation, with more than one place of business throughout the State of Illinois and throughout the County of the United States, but with their main place of business located at or near 6254 Omega Road in the City of Iuka, County of Marion, and State of Illinois.

11. Upon information and belief, at all times relevant herein, Defendant TRI-AG was also a domestic corporation whose principal place of business was also located at or near 6254 Omega Road in the City of Iuka, County of Marion, and State of Illinois.

12. Upon information and belief, at all times relevant herein, Defendants HELICROPS and TRI-AG were jointly and severally, whether as one collective unit or otherwise, in the business of providing crop-protection services to farms and farmers, across the United States, but mainly in Ohio and Illinois.  Their services included but were not limited to distribution of chemicals, pesticides, insecticide, and/or fungicides over land via airplane and/or helicopter.

13. Upon information and belief, at all times relevant herein, Defendant MILLER AG was a domestic corporation specializing in the chemical, pesticide, insecticide, and/or fungicide creation, distribution and/or sale, with it's principal place of business located at or near 929 CR 700, in the City of Tolono, County of Champaign, and State of Illinois.

14. Upon information and belief, at all times relevant herein, Defendants HELICROPS and TRI-AG utilized the chemicals, pesticides, insecticide, and/or fungicides created, distributed and/or sold by Defendant MILLER AG in the execution of their aforementioned crop-protection services, specifically including spreading and/or disbursing such over land from the air via airplane/helicopter.

15. At all times relevant herein, each and every Defendant listed was authorized to conduct business in the state of Illinois, including at or near the premises and the adjacent roadway.

16. At all times relevant herein, Defendant WAYLAND acted as an agent of co-Defendant HELICROPS and/or TRI-AG and/or MILLER AG.

17. At all times relevant herein, Defendant WAYLAND acted or failed to act with either express or implied authorization from co-Defendant(s) HELICROPS and/or TRI-AG and/or MILLER AG, pursuant to an agreement to perform services related to piloting and/or the distribution of chemicals, pesticides, insecticide, fungicides and/or over land via airplane and/or helicopter.

18. At all times relevant herein, Defendants HELICROPS and/or TRI-AG and/or MILLER AG

placed WAYLAND in a situation to act by requiring that WAYLAND provide said services at the for and on the behalf of Defendants HELICROPS and/or TRI-AG and/or MILLER AG pursuant to said agreement, whether purely oral or reduced to writing.

19. *Pleading in the alternative*, as is Plaintiff's right pursuant to 735 ILCS 5/2-613(b) as well as F.R.C.P. 8(a)(3 and 8(d)(2), at all times relevant herein, WAYLAND, if not an agents of HELICROPS and/or TRI-AG and/or MILLER AG, acted as an independent contractors but still within and under the control of co-Defendants HELICROPS and/or TRI-AG and/or MILLER AG.

20. *Pleading in the alternative,* at all times relevant herein, upon information and belief, HELICROPS and/or TRI-AG and/or MILLER AG each individually and/or separately maintained the right to discharge WAYLAND if/when he failed to abide by any of the agreements between himself and HELICROPS and/or TRI-AG and/or MILLER AG and that related to the aforementioned helicopter/distribution services.

1. *Pleading in the alternative,* at all times relevant herein, upon information and belief, HELICROPS and/or TRI-AG and/or MILLER AG each individual and/or separately maintained the right to supervise and oversee the acts of WAYLAND in the performance and execution of services outlined and governed by each of the agreements between himself and HELICROPS and/or TRI-AG and/or MILLER AG, which related to the aforementioned helicopter and/or distribution services.

21. *Pleading in the alternative,* at all times relevant herein, upon information and belief, HELICROPS and/or TRI-AG and/or MILLER AG maintained the right to direct and control the method, manner, and time of doing the work which WAYLAND performed the aforementioned services, as outlined by each of the agreements between himself and HELICROPS and/or TRI-AG and/or MILLER AG and that related to the aforementioned services and/or helicopter.

**FACTUAL SUMMARY**

22. On or about July 28, 2022, at approximately noon, Plaintiff was then and there operating his motor vehicle on County Road 2800 North, in the Village of Ramsey, County of Fayette, and State of Illinois, with the windows open.

23. Plaintiff makes all of the following allegations and states all of the following facts upon information and belief and also reserves his right to *plead in the alternative*, herein as well as throughout this Complaint and in all allegations below, in accordance with 735 ILCS 5/2-613(b) as well as F.R.C.P. 8(a)(3 and 8(d)(2).

24. On or about July 28, 2022, Defendant WAYLAND was then and there operating a helicopter at approximately 2324 North 1025 Street in the Village of Ramsey, County of Fayette, and State of Illinois and in the aerial space over the farm/farmland owned, operated, maintained and/or controlled by Defendant HUNT.

25. On or about July 28, 2022, and at all times relevant herein, Defendant WAYLAND operated this helicopter equipped with chemical, pesticide, insecticide, and/or fungicide sprayers/dispensers attached to it, for the purpose to spraying, spreading, dispersing, and/or dispensing chemical, pesticide, insecticide, and/or fungicide over the farm/farmland then and there located at 2324 North 1025 Street in the Village of Ramsey, County of Fayette, and State of Illinois (hereinafter referred to as "the premises.")

26. On or about July 28, 2022, and at all times relevant herein, Defendant WAYLAND in fact used his helicopter to spray, dispense, spread, and/or disperse chemical(s), pesticide(s), insecticide(s), fungicide(s) and/or poison over and across the aforementioned premises.

27. On or about July 28, 2022, and around approximately noon, Defendant WAYLAND, using the indicated helicopter, continued to spray, dispense, spread, and/or disburse the chemicals, insecticides, fungicides, pesticides, and/or poison over the adjacent roadway: County Road 2800

North, exactly while Plaintiff was legally and lawfully traveling on such.

28. On or about July 28, 2022, and at approximately noon, Plaintiff's internal vehicle as well as the bed of his truck was caused to become filled with chemicals, insecticides, fungicides, pesticides, and/or poison.

29. On or about July 28, 2022, and at approximately noon as well as continuing thereafter, Plaintiff was caused to inhale chemicals, insecticides, fungicides, pesticides, and/or poison.

30. As a result of the inhalation of chemicals, insecticides, fungicides, pesticides, and/or poison, Plaintiff has suffered severe bodily injuries and continues to suffer to this day.

31. At all times relevant herein, the dangerous condition posed by continuing to disburse chemicals, insecticides, fungicides, pesticides, and/or poison over the roadway  was known and/or should have been known by all Defendants.

32. Despite this knowledge, at all times relevant herein, there were no warning signs of any king posted anywhere on the premises nor along the aforementioned roadway to warn Plaintiff or any other individual legally and lawfully operating a motor vehicle on said roadway.

33. At all times relevant herein there existed The Federal Insecticide, Fungicide, and Rodenticide Act, which, amongst other goals and effects, governed the use of pesticides and poisons so as to reduce occupational exposure for agricultural workers as well as reduce pesticide related emergencies and further requires that pesticides and poisons be applied only via strict adherence to their labeling guidelines (7 U.S.C. § 136, *et. seq.*).

34. At all times relevant herein there existed the Federal Aviation Act, 49 U.S.C.S. § 1301 *et. seq,* which created the Federal Aviation Administration, as well as the Code of Federal Regulations (CFR) Title 14 Federal Aviation Regulations, which governed and controlled the transportation via air, as well as the certificates, usage, permissions, and partial control of pathways of travel of airlines and/or helicopters to ensure the safety of said airlines and helicopters as well as the safety

of any individuals on the ground who may be effected by those flight paths.

## ALLEGATIONS

**COUNT I:     7 U.S.C. § 136, Claim for Violation of the Federal Insecticide, Fungicide, and Rodenticide Act – Defendant Travis Wayland**

35. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

36. The above-indicated acts, as committed by WAYLAND, violated the distinct application procedures of the label(s) of the chemicals, insecticides, fungicides, pesticides, and/or poison that he was then and there applying where none of said application processes permitted and/or allowed WAYLAND to dispense or disperse such, via helicopter, over a roadway where individuals were then and there operating their motor vehicles, including but not limited to Plaintiff HARRE.

37. The acts of Defendant WAYLAND against Plaintiff were the direct and proximate cause of Plaintiff HARRE's pesticide-related emergency in that he not only required immediate and emergent medical treatment, but still does to this day, as a result of the exposure and inhalation the chemicals, insecticides, fungicides, pesticides, and/or poison application WAYLAND dispersed over the roadway Plaintiff was then and there traveling on.  Defendant WAYLAND is therefore liable to Plaintiff, and other parties, under 7 U.S.C. § 136.

WHEREFORE, Plaintiff JAMES HARRE, prays for judgment against Defendant WAYLAND, including but not limited to an award of any and all recoverable damages under the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136, *et. seq.*

**COUNT II:    7 U.S.C. § 136, Claim for Violation of the Federal Insecticide, Fungicide, and Rodenticide Act – Defendant Hellicrops**

38. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

39. The above-indicated acts, as committed directly by HELICROPS  and/or by and through their agent  WAYLAND, violated  the  distinct  application  procedures  of  the  label(s)  of  the

chemicals, insecticides, fungicides, pesticides, and/or poison that he was then and there applying where none of said application processes permitted and/or allowed HELICROPS to dispense or disperse such, via helicopter, over a roadway where individuals were then and there operating their motor vehicles, including but not limited to Plaintiff HARRE.

40. The acts of Defendant HELICROPS, directly and/or by and through their agent WAYLAND against Plaintiff were the direct and proximate cause of Plaintiff HARRE's pesticide-related emergency in that he not only required immediate and emergent medical treatment, but still does to this day, as a result of the exposure and inhalation the chemicals, insecticides, fungicides, pesticides, and/or poison application HELICROPS dispersed over the roadway Plaintiff was then and there traveling on.  Defendant HELICROPS is therefore liable to Plaintiff, and other parties, under 7 U.S.C. § 136.

WHEREFORE, Plaintiff JAMES HARRE, prays for judgment against Defendant HELICROPS, including but not limited to an award of any and all recoverable damages under the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136, *et. seq.*

**COUNT III:  7 U.S.C. § 136, Claim for Violation of the Federal Insecticide, Fungicide, and Rodenticide Act – Defendant Tri-Ag**

41. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

42. The above-indicated acts, as committed directly by TRI-AG  and/or by and through their agent  WAYLAND, violated the distinct application procedures of the label(s) of the chemicals, insecticides, fungicides, pesticides, and/or poison that he was then and there applying where none of said application processes permitted and/or allowed TRI-AG to dispense or disperse such, via helicopter, over a roadway where individuals were then and there operating their motor vehicles, including but not limited to Plaintiff HARRE.

43. The acts of Defendant TRI-AG, directly and/or by and through their agent  WAYLAND

against Plaintiff were the direct and proximate cause of Plaintiff HARRE's pesticide-related emergency in that he not only required immediate and emergent medical treatment, but still does to this day, as a result of the exposure and inhalation the chemicals, insecticides, fungicides, pesticides, and/or poison application TRI-AG dispersed over the roadway Plaintiff was then and there traveling on.  Defendant TRI-AG is therefore liable to Plaintiff, and other parties, under 7 U.S.C. § 136.

WHEREFORE, Plaintiff JAMES HARRE, prays for judgment against Defendant TRI-AG, including but not limited to an award of any and all recoverable damages under the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136, *et. seq.*

## COUNT IV:   7 U.S.C. § 136, Claim for Violation of the Federal Insecticide, Fungicide, and Rodenticide Act – Defendant Miller Ag

44. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

45. The above-indicated acts, as committed directly by MILLER AG  and/or by and through their agent  WAYLAND, violated the distinct application procedures of the label(s) of the chemicals, insecticides, fungicides, pesticides, and/or poison that he was then and there applying where none of said application processes permitted and/or allowed MILLER AG to dispense or disperse such, via helicopter, over a roadway where individuals were then and there operating their motor vehicles, including but not limited to Plaintiff HARRE.

46. The acts of Defendant TRI-AG, directly and/or by and through their agent  WAYLAND against Plaintiff were the direct and proximate cause of Plaintiff HARRE's pesticide-related emergency in that he not only required immediate and emergent medical treatment, but still does to this day, as a result of the exposure and inhalation the chemicals, insecticides, fungicides, pesticides, and/or poison application MILLER AG dispersed over the roadway Plaintiff was then and there traveling on.  Defendant MILLER AG is therefore liable to Plaintiff, and other parties,

under 7 U.S.C. § 136.

WHEREFORE, Plaintiff JAMES HARRE, prays for judgment against Defendant MILLER AG, including but not limited to an award of any and all recoverable damages under the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136, *et. seq.*

**COUNT V:   14 CFR 137 Claim for Violation of the Code of Federal Regulations (CFR) Title 14 Federal Aviation Regulations (FAR) claim §13t – Defendant Travis Wayland**

47. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

48. *Pleading in the alternative,* as is Plaintiff's right, pursuant to 735 ILCS 5/2-613(b) as well as F.R.C.P. 8(a)(3 and 8(d)(2), Defendant WAYLAND failed to familiarize himself with the surroundings of the premises, and specifically, the adjacent roadway, County Road 2800 North, prior to beginning his operation of dispensing the chemicals, insecticides, fungicides, pesticides, via his helicopter on or about July 28, 2022.

49. Upon information and belief, Defendant WAYLAND, on or about July 28, 2022, did not possess the proper §137 certificate/licensure to be then and there operating a helicopter equipped with a spray apparatus and subsequently, as a direct extension, did not hold the proper certificate, license and/or permission to be dispensing the chemicals, insecticides, fungicides, pesticides, and/or poison that he was then and there dispensing via his helicopter over both/either the premises or the roadway.

50. Had Defendant WAYLAND applied for and obtained said certificate, he would have been familiar with the presence of the adjacent roadway, County Road 2800 North, that Plaintiff was then and there traveling upon on July 28, 2022, and would have taken the proper precautions so as to ensure he did not allow his helicopter to continue dispensing the chemicals, insecticides, fungicides, pesticides, and/or poison onto the roadway and into Plaintiff's vehicle.

51. These acts of Defendant WAYLAND against Plaintiff were the direct and proximate cause

of Plaintiff HARRE's pesticide-related emergency in that he not only required immediate and emergent medical treatment, but still does to this day, as a result of the exposure and inhalation the chemicals, insecticides, fungicides, pesticides, and/or poison application WAYLAND dispersed over the roadway Plaintiff was then and there traveling on.  Defendant WAYLAND is therefore liable to Plaintiff, and other parties, under 14 CFR 137.

WHEREFORE, Plaintiff JAMES HARRE, prays for judgment against Defendant WAYLAND, including but not limited to an award of any and all recoverable damages under the Code of Federal Regulations (CFR) Title 14 Federal Aviation Regulations (FAR) §137.

**COUNT VI:  14 CFR 137 Claim for Violation of the Code of Federal Regulations (CFR) Title 14 Federal Aviation Regulations (FAR) claim §137 – Defendant Helicrops**

52. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

53. *Pleading in the alternative,* as is Plaintiff's right, pursuant to 735 ILCS 5/2-613(b) as well as F.R.C.P. 8(a)(3 and 8(d)(2), Defendant HELICROPS failed to ensure they, either directly and/or by and through their agent, WAYLAND, were familiar with the surroundings of the premises, and specifically, the adjacent roadway, County Road 2800 North, prior to beginning the operation of dispensing the chemicals, insecticides, fungicides, pesticides, via helicopter on or about July 28, 2022.

54. Upon information and belief, Defendant HELICROPS, both directly and by and through their agent WAYLAND, on or about July 28, 2022, did not possess the proper §137 certificate/licensure to be then and there operating a helicopter equipped with a spray apparatus and subsequently, as a direct extension, did not hold the proper certificate, license and/or permission to be dispensing the chemicals, insecticides, fungicides, pesticides, and/or poison that he was then and there dispensing via his helicopter over both/either the premises or the roadway.

55. Had Defendant HELICROPS applied for and obtained said certificate, both HELICROPS

directly and their authorized agent, WAYLAND, would have been familiar with the presence of the adjacent roadway, County Road 2800 North, that Plaintiff was then and there traveling upon on July 28, 2022, and would have ensured that proper precautions were taken so as to prevent the helicopter from continue to dispense the chemicals, insecticides, fungicides, pesticides, and/or poison onto the roadway and into Plaintiff's vehicle.

56. These acts of Defendant HELICROPS, both directly and by and through their authorized agent, WAYLAND, against Plaintiff were the direct and proximate cause of Plaintiff HARRE's pesticide-related emergency in that he not only required immediate and emergent medical treatment, but still does to this day, as a result of the exposure and inhalation the chemicals, insecticides, fungicides, pesticides, and/or poison application WAYLAND dispersed over the roadway Plaintiff was then and there traveling on.  Defendant HELICROPS is therefore liable to Plaintiff, and other parties, under 14 CFR 137.

WHEREFORE, Plaintiff JAMES HARRE, prays for judgment against Defendant HELICROPS, including but not limited to an award of any and all recoverable damages under the Code of Federal Regulations (CFR) Title 14 Federal Aviation Regulations (FAR) §137.

**COUNT VII: 14 CFR 137 Claim for Violation of the Code of Federal Regulations (CFR) Title 14 Federal Aviation Regulations (FAR) claim §137 – Defendant Tri-Ag**

57. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

58. *Pleading in the alternative,* as is Plaintiff's right, pursuant to 735 ILCS 5/2-613(b) as well as F.R.C.P. 8(a)(3 and 8(d)(2), Defendant TRI-AG failed to ensure they, either directly and/or by and through their agent, WAYLAND, were familiar with the surroundings of the premises, and specifically, the adjacent roadway, County Road 2800 North, prior to beginning the operation of dispensing the chemicals, insecticides, fungicides, pesticides, via helicopter on or about July 28, 2022.

59. Upon information and belief, Defendant TRI-AG, both directly and by and through their agent WAYLAND, on or about July 28, 2022, did not possess the proper §137 certificate/licensure to be then and there operating a helicopter equipped with a spray apparatus and subsequently, as a direct extension, did not hold the proper certificate, license and/or permission to be dispensing the chemicals, insecticides, fungicides, pesticides, and/or poison that he was then and there dispensing via his helicopter over both/either the premises or the roadway.

60. Had Defendant TRI-AG applied for and obtained said certificate, both TRI-AG directly and their authorized agent, WAYLAND, would have been familiar with the presence of the adjacent roadway, County Road 2800 North, that Plaintiff was then and there traveling upon on July 28, 2022, and would have ensured that proper precautions were taken so as to prevent the helicopter from continue to dispense the chemicals, insecticides, fungicides, pesticides, and/or poison onto the roadway and into Plaintiff's vehicle.

61. These acts of Defendant TRI-AG, both directly and by and through their authorized agent, WAYLAND, against Plaintiff were the direct and proximate cause of Plaintiff HARRE's pesticide-related emergency in that he not only required immediate and emergent medical treatment, but still does to this day, as a result of the exposure and inhalation the chemicals, insecticides, fungicides, pesticides, and/or poison application WAYLAND dispersed over the roadway Plaintiff was then and there traveling on.  Defendant TRI-AG is therefore liable to Plaintiff, and other parties, under 14 CFR 137.

WHEREFORE, Plaintiff JAMES HARRE, prays for judgment against Defendant TRI-AG, including but not limited to an award of any and all recoverable damages under the Code of Federal Regulations (CFR) Title 14 Federal Aviation Regulations (FAR) §137.

**COUNT VIII:**      **14 CFR 137 Claim for Violation of the Code of Federal Regulations (CFR) Title 14 Federal Aviation Regulations (FAR) claim §137 – Defendant Miller Ag**

62. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

63. *Pleading in the alternative,* as is Plaintiff's right, pursuant to 735 ILCS 5/2-613(b) as well as F.R.C.P. 8(a)(3 and 8(d)(2), Defendant MILLER AG failed to ensure they, either directly and/or by and through their agent, WAYLAND, were familiar with the surroundings of the premises, and specifically, the adjacent roadway, County Road 2800 North, prior to beginning the operation of dispensing the chemicals, insecticides, fungicides, pesticides, via helicopter on or about July 28, 2022.

64. Upon information and belief, Defendant MILLER AG, both directly and by and through their agent WAYLAND, on or about July 28, 2022, did not possess the proper §137 certificate/licensure to be then and there operating a helicopter equipped with a spray apparatus and subsequently, as a direct extension, did not hold the proper certificate, license and/or permission to be dispensing the chemicals, insecticides, fungicides, pesticides, and/or poison that he was then and there dispensing via his helicopter over both/either the premises or the roadway.

65. Had Defendant MILLER AG applied for and obtained said certificate, both MILLER AG directly and their authorized agent, WAYLAND, would have been familiar with the presence of the adjacent roadway, County Road 2800 North, that Plaintiff was then and there traveling upon on July 28, 2022, and would have ensured that proper precautions were taken so as to prevent the helicopter from continue to dispense the chemicals, insecticides, fungicides, pesticides, and/or poison onto the roadway and into Plaintiff's vehicle.

66. These acts of Defendant MILLER AG, both directly and by and through their authorized agent, WAYLAND, against Plaintiff were the direct and proximate cause of Plaintiff HARRE's pesticide-related emergency in that he not only required immediate and emergent medical treatment, but still does to this day, as a result of the exposure and inhalation the chemicals,

insecticides, fungicides, pesticides, and/or poison application WAYLAND dispersed over the roadway Plaintiff was then and there traveling on.  Defendant MILLER AG is therefore liable to Plaintiff, and other parties, under 14 CFR 137.

WHEREFORE, Plaintiff JAMES HARRE, prays for judgment against Defendant MILLER AG, including but not limited to an award of any and all recoverable damages under the Code of Federal Regulations (CFR) Title 14 Federal Aviation Regulations (FAR) §137.

**COUNT IX:   Negligence – (State Law Claim) – Defendant Travis Wayland**

67. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

68. On or about July 28, 2022, the aforesaid time and location approximately near the premises and over the adjacent roadway which Plaintiff was legally and lawfully driving upon, Defendant WAYLAND was then and there guilty of one or more of the following negligent acts or omissions:

a.  Operated his helicopter without valid certificate, permission, and/or approval from the Federal Aviation Administration, in violation of 14 Federal Aviation Regulations (FAR) §Part 137;

b.  Operated his helicopter without a vaid and proper spray license;

c.  Operated his chemical, insecticide, fungicide, pesticide, and/or poison-dispensing/spraying helicopter without filing proper licenses to do so, in violation of the Illinois Department of Agriculture;

d.  Failed to comply with various Federal Aviation Administration standards and/or regulations;

e.  Failed to comply with the Illinois Department of Agriculture requirements for properly dispensing pesticides and/or poisons;

f.  Failed to abide by the boundaries of the aerial application submitted fo the dispensing of pesticides and/or poisons as relates to this particular situation/application over the premises;

g.  Failed to abide by prior warnings, citations, and investigations initiated and instigated by the Federal Department of Aviation for prior violations;

h.  Failed to follow his training with regard to dispensing chemicals, insecticides, fungicides, pesticides, and/or poison from his helicopter;

    i.   Failed to follow his training from HELICROPS, TRI-AG and/or MILLER AG;

    j.   Was otherwise negligent.

69. These acts and/or omissions of negligence committed by WAYLAND were a direct and proximate cause of including without limiting, Plaintiff's suffering severe bodily injuries; pain and suffering in the past and in the future; disability and/or disfigurement in the past in the future; lost wages in the past and in the future, including but not limited to a loss of earning potential in the past and future; extensive medical expenses in the past and in the future; severe emotional distress in the past and future; a loss of normal life in the past and in the future; increased risk of harm in the future; and damage to his property.

WHEREFORE, Plaintiff JAMES HARRE, prays for judgment against Defendant WAYLAND, including but not limited to an award of compensatory damages in addition to those recoverable under the previously-cited statutes and codes.  Plaintiff further prays for any additional relief this Honorable Court deems just and proper.

**COUNT X:**    **Negligence – Respondent Superior (State Law Claim) – Defendant Helicrops**

70. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

71. On or about July 28, 2022, the aforesaid time and location approximately near the premises and over the adjacent roadway which Plaintiff was legally and lawfully driving upon, Defendant HELICROPS, by and through their authorized agent, WAYLAND was then and there guilty of one or more of the following negligent acts or omissions:

    a.   Operated his helicopter without valid certificate, permission, and/or approval from the Federal Aviation Administration, in violation of 14 Federal Aviation Regulations (FAR) §Part 137;

    b.   Operated his helicopter without a vaid and proper spray license;

    c.   Operated his chemical, insecticide, fungicide, pesticide, and/or poison-dispensing/spraying helicopter without filing proper licenses to do so, in violation of

the Illinois Department of Agriculture;

d.  Failed to comply with various Federal Aviation Administration standards and/or regulations;

e.  Failed to comply with the Illinois Department of Agriculture requirements for properly dispensing pesticides and/or poisons;

f.  Failed to abide by the boundaries of the aerial application submitted fo the dispensing of pesticides and/or poisons as relates to this particular situation/application over the premises;

g.  Failed to abide by prior warnings, citations, and investigations initiated and instigated by the Federal Department of Aviation for prior violations;

h.  Failed to follow his training with regard to dispensing chemicals, insecticides, fungicides, pesticides, and/or poison from his helicopter;

i.  Failed to follow his training from HELICROPS, TRI-AG and/or MILLER AG;

j.  Was otherwise negligent.

72. These acts and/or omissions of negligence committed by HELICROPS, by and through their authorized agent, WAYLAND were a direct and proximate cause of including without limiting, Plaintiff's suffering severe bodily injuries; pain and suffering in the past and in the future; disability and/or disfigurement in the past in the future; lost wages in the past and in the future, including but not limited to a loss of earning potential in the past and future; extensive medical expenses in the past and in the future; severe emotional distress in the past and future; a loss of normal life in the past and in the future; increased risk of harm in the future; and damage to his property.

WHEREFORE, Plaintiff JAMES HARRE, prays for judgment against Defendant HELICROPS, including but not limited to an award of compensatory damages in addition to those recoverable under the previously-cited statutes and codes. Plaintiff further prays for any additional relief this Honorable Court deems just and proper.

**COUNT XI:  Negligence – (State Law Claim) – Defendant Helicrops**

73. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

74. On or about July 28, 2022, the aforesaid time and location approximately near the premises and over the adjacent roadway which Plaintiff was legally and lawfully driving upon, Defendant HELICROPS, was then and there guilty of one or more of the following negligent acts or omissions:

    a. Permitted one of their owned, leased, and/or otherwise controlled helicopter to be flown without valid certificate, permission, and/or approval from the Federal Aviation Administration, in violation of 14 Federal Aviation Regulations (FAR) §Part 137;

    b. Permitted one of their owned, leased, and/or otherwise controlled helicopter to be flown without a vaid and proper spray license;

    c. Permitted one of their owned, leased, and/or otherwise controlled helicopter to be flown and to dispense chemical, insecticide, fungicide, pesticide, and/or poison without filing proper licenses to do so, in violation of the Illinois Department of Agriculture;

    d. Failed to comply with various Federal Aviation Administration standards and/or regulations;

    e. Failed to comply with the Illinois Department of Agriculture requirements for properly dispensing pesticides and/or poisons;

    f. Failed to abide by prior warnings, citations, and investigations initiated and instigated by the Federal Department of Aviation for prior violations;

    g. Failed to properly train, oversee, direct, or otherwise control their employees, authorized agents and/or independent contractors with regard to dispensing chemicals, insecticides, fungicides, pesticides, and/or poison from any helicopter within their ownership, lease or possession;

    h. Failed to hire, retain and/or discharge any employee, authorized agent, and/or independent contractor who dispensed chemicals, insecticides, fungicides, pesticides, and/or poison from any helicopter within their ownership, lease or possession;

    i. Was otherwise negligent.

75. These acts and/or omissions of negligence committed by HELICROPS, were a direct and proximate cause of including without limiting, Plaintiff's suffering severe bodily injuries; pain and suffering in the past and in the future; disability and/or disfigurement in the past in the future; lost

wages in the past and in the future, including but not limited to a loss of earning potential in the past and future; extensive medical expenses in the past and in the future; severe emotional distress in the past and future; a loss of normal life in the past and in the future; increased risk of harm in the future; and damage to his property.

WHEREFORE, Plaintiff JAMES HARRE, prays for judgment against Defendant HELICROPS, including but not limited to an award of compensatory damages in addition to those recoverable under the previously-cited statutes and codes.  Plaintiff further prays for any additional relief this Honorable Court deems just and proper.

**COUNT XII: Negligence – Respondent Superior (State Law Claim) – Defendant Tri-Ag**

76. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

77. On or about July 28, 2022, the aforesaid time and location approximately near the premises and over the adjacent roadway which Plaintiff was legally and lawfully driving upon, Defendant Tri-Ag, by and through their authorized agent, WAYLAND was then and there guilty of one or more of the following negligent acts or omissions:

a. Operated his helicopter without valid certificate, permission, and/or approval from the Federal Aviation Administration, in violation of 14 Federal Aviation Regulations (FAR) §Part 137;

b. Operated his helicopter without a vaid and proper spray license;

c. Operated his chemical, insecticide, fungicide, pesticide, and/or poison-dispensing/spraying helicopter without filing proper licenses to do so, in violation of the Illinois Department of Agriculture;

d. Failed to comply with various Federal Aviation Administration standards and/or regulations;

e. Failed to comply with the Illinois Department of Agriculture requirements for properly dispensing pesticides and/or poisons;

f. Failed to abide by the boundaries of the aerial application submitted fo the dispensing of pesticides and/or poisons as relates to this particular situation/application over the premises;

g.  Failed to abide by prior warnings, citations, and investigations initiated and instigated by the Federal Department of Aviation for prior violations;

h.  Failed to follow his training with regard to dispensing chemicals, insecticides, fungicides, pesticides, and/or poison from his helicopter;

i.  Failed to follow his training from HELICROPS, TRI-AG and/or MILLER AG;

j.  Was otherwise negligent.

78. These acts and/or omissions of negligence committed by TRI-AG, by and through their authorized agent, WAYLAND were a direct and proximate cause of including without limiting, Plaintiff's suffering severe bodily injuries; pain and suffering in the past and in the future; disability and/or disfigurement in the past in the future; lost wages in the past and in the future, including but not limited to a loss of earning potential in the past and future; extensive medical expenses in the past and in the future; severe emotional distress in the past and future; a loss of normal life in the past and in the future; increased risk of harm in the future; and damage to his property.

WHEREFORE, Plaintiff JAMES HARRE, prays for judgment against Defendant TRI-AG, including but not limited to an award of compensatory damages in addition to those recoverable under the previously-cited statutes and codes.  Plaintiff further prays for any additional relief this Honorable Court deems just and proper.

**COUNT XIII:        Negligence – (State Law Claim) – Defendant Tri-Ag**

79. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

80. On or about July 28, 2022, the aforesaid time and location approximately near the premises and over the adjacent roadway which Plaintiff was legally and lawfully driving upon, Defendant TRI-AG, was then and there guilty of one or more of the following negligent acts or omissions:

a.  Permitted one of their owned, leased, and/or otherwise controlled helicopter to be flown without valid certificate, permission, and/or approval from the Federal Aviation

Administration, in violation of 14 Federal Aviation Regulations (FAR) §Part 137;

b. Permitted one of their owned, leased, and/or otherwise controlled helicopter to be flown without a valid and proper spray license;

c. Permitted one of their owned, leased, and/or otherwise controlled helicopter to be flown and to dispense chemical, insecticide, fungicide, pesticide, and/or poison without filing proper licenses to do so, in violation of the Illinois Department of Agriculture;

d. Failed to comply with various Federal Aviation Administration standards and/or regulations;

e. Failed to comply with the Illinois Department of Agriculture requirements for properly dispensing pesticides and/or poisons;

f. Failed to abide by prior warnings, citations, and investigations initiated and instigated by the Federal Department of Aviation for prior violations;

g. Failed to properly train, oversee, direct, or otherwise control their employees, authorized agents and/or independent contractors with regard to dispensing chemicals, insecticides, fungicides, pesticides, and/or poison from any helicopter within their ownership, lease or possession;

h. Failed to hire, retain and/or discharge any employee, authorized agent, and/or independent contractor who dispensed chemicals, insecticides, fungicides, pesticides, and/or poison from any helicopter within their ownership, lease or possession;

i. Was otherwise negligent.

81. These acts and/or omissions of negligence committed by TRI-AG, were a direct and proximate cause of including without limiting, Plaintiff's suffering severe bodily injuries; pain and suffering in the past and in the future; disability and/or disfigurement in the past in the future; lost wages in the past and in the future, including but not limited to a loss of earning potential in the past and future; extensive medical expenses in the past and in the future; severe emotional distress in the past and future; a loss of normal life in the past and in the future; increased risk of harm in the future; and damage to his property.

WHEREFORE, Plaintiff JAMES HARRE, prays for judgment against Defendant TRI-AG, including but not limited to an award of compensatory damages in addition to those recoverable

under the previously-cited statutes and codes.  Plaintiff further prays for any additional relief this Honorable Court deems just and proper.

**COUNT XIV:**       **Negligence – Respondent Superior (State Law Claim) – Defendant Miller-Ag**

82. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

83. On or about July 28, 2022, the aforesaid time and location approximately near the premises and over the adjacent roadway which Plaintiff was legally and lawfully driving upon, Defendant MILLER AG, by and through their authorized agent, WAYLAND was then and there guilty of one or more of the following negligent acts or omissions:

a. Operated his helicopter without valid certificate, permission, and/or approval from the Federal Aviation Administration, in violation of 14 Federal Aviation Regulations (FAR) §Part 137;

b. Operated his helicopter without a vaid and proper spray license;

c. Operated his chemical, insecticide, fungicide, pesticide, and/or poison-dispensing/spraying helicopter without filing proper licenses to do so, in violation of the Illinois Department of Agriculture;

d. Failed to comply with various Federal Aviation Administration standards and/or regulations;

e. Failed to comply with the Illinois Department of Agriculture requirements for properly dispensing pesticides and/or poisons;

f. Failed to abide by the boundaries of the aerial application submitted fo the dispensing of pesticides and/or poisons as relates to this particular situation/application over the premises;

g. Failed to abide by prior warnings, citations, and investigations initiated and instigated by the Federal Department of Aviation for prior violations;

h. Failed to follow his training with regard to dispensing chemicals, insecticides, fungicides, pesticides, and/or poison from his helicopter;

i. Failed to follow his training from HELICROPS, TRI-AG and/or MILLER AG;

j. Was otherwise negligent.

84. These acts and/or omissions of negligence committed by MILLER AG, by and through their authorized agent, WAYLAND were a direct and proximate cause of including without limiting, Plaintiff's suffering severe bodily injuries; pain and suffering in the past and in the future; disability and/or disfigurement in the past in the future; lost wages in the past and in the future, including but not limited to a loss of earning potential in the past and future; extensive medical expenses in the past and in the future; severe emotional distress in the past and future; a loss of normal life in the past and in the future; increased risk of harm in the future; and damage to his property.

WHEREFORE, Plaintiff JAMES HARRE, prays for judgment against Defendant MILLER AG, including but not limited to an award of compensatory damages in addition to those recoverable under the previously-cited statutes and codes.  Plaintiff further prays for any additional relief this Honorable Court deems just and proper.

**COUNT XV:  Negligence – (State Law Claim) – Defendant Miller Ag**

85. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

86. On or about July 28, 2022, the aforesaid time and location approximately near the premises and over the adjacent roadway which Plaintiff was legally and lawfully driving upon, Defendant MILLER AG, was then and there guilty of one or more of the following negligent acts or omissions:

    a.   Permitted one of their owned, leased, and/or otherwise controlled helicopter to be flown without valid certificate, permission, and/or approval from the Federal Aviation Administration, in violation of 14 Federal Aviation Regulations (FAR) §Part 137;

    b.   Permitted one of their owned, leased, and/or otherwise controlled helicopter to be flown without a valid and proper spray license;

    c.   Permitted one of their owned, leased, and/or otherwise controlled helicopter to be flown and to dispense chemical, insecticide, fungicide, pesticide, and/or poison without filing proper licenses to do so, in violation of the Illinois Department of Agriculture;

d. Failed to comply with various Federal Aviation Administration standards and/or regulations;

e. Failed to comply with the Illinois Department of Agriculture requirements for properly dispensing pesticides and/or poisons;

f. Failed to abide by prior warnings, citations, and investigations initiated and instigated by the Federal Department of Aviation for prior violations;

g. Failed to properly train, oversee, direct, or otherwise control their employees, authorized agents and/or independent contractors with regard to dispensing chemicals, insecticides, fungicides, pesticides, and/or poison from any helicopter within their ownership, lease or possession;

h. Failed to hire, retain and/or discharge any employee, authorized agent, and/or independent contractor who dispensed chemicals, insecticides, fungicides, pesticides, and/or poison from any helicopter within their ownership, lease or possession;

i. Was otherwise negligent.

87. These acts and/or omissions of negligence committed by MILLER AG, were a direct and proximate cause of including without limiting, Plaintiff's suffering severe bodily injuries; pain and suffering in the past and in the future; disability and/or disfigurement in the past in the future; lost wages in the past and in the future, including but not limited to a loss of earning potential in the past and future; extensive medical expenses in the past and in the future; severe emotional distress in the past and future; a loss of normal life in the past and in the future; increased risk of harm in the future; and damage to his property.

WHEREFORE, Plaintiff JAMES HARRE, prays for judgment against Defendant MILLER AG, including but not limited to an award of compensatory damages in addition to those recoverable under the previously-cited statutes and codes.  Plaintiff further prays for any additional relief this Honorable Court deems just and proper.

**COUNT XVI:          Negligence – (State Law Claim) – Defendant Rodney Hunt**

88. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

89. On or about July 28, 2022, the aforesaid time and location approximately near the premises

and over the adjacent roadway which Plaintiff was legally and lawfully driving upon, Defendant

Rodney Hunt, was then and there guilty of one or more of the following negligent acts or

omissions:

a. Hired a pilot to fly over his property and premises without confirming said pilot possessed a valid certificate, permission, and/or approval from the Federal Aviation Administration, in violation of 14 Federal Aviation Regulations (FAR) §Part 137;

b. Hired a pilot to fly over his property and premises without confirming said pilot possessed a valid and proper spray license;

c. Hired a pilot to fly over his property for the purpose of dispensing chemical, insecticide, fungicide, pesticide, and/or poison without filing proper licenses to do so, in violation of the Illinois Department of Agriculture;

d. Failed to comply with various Federal Aviation Administration standards and/or regulations;

e. Failed to comply with the Illinois Department of Agriculture requirements for properly dispensing pesticides and/or poisons and/or allowing such to be dispensed over his property/premises;

f. Hired a company(s) and/or individuals who had prior warnings, citations, and investigations initiated and instigated by the Federal Department of Aviation for prior violations;

g. Failed to properly train, oversee, direct, or otherwise control the individual, authorized agents and/or independent contractors he hired and/or retained so as to dispense chemicals, insecticides, fungicides, pesticides, and/or poison from a helicopter, over his property/premises and did so improperly, unsafely and/or hazardously;

h. Failed to hire, retain and/or discharge an employee, authorized agent, and/or independent contractor who dispensed chemicals, insecticides, fungicides, pesticides, and/or poison from a helicopter over his property/premises and did so improperly, unsafely and/or hazardously;

i. Was otherwise negligent.

90. These acts and/or omissions of negligence committed by HUNT, were a direct and

proximate cause of including without limiting, Plaintiff's suffering severe bodily injuries; pain and

suffering in the past and in the future; disability and/or disfigurement in the past in the future; lost

wages in the past and in the future, including but not limited to a loss of earning potential in the

past and future; extensive medical expenses in the past and in the future; severe emotional distress in the past and future; a loss of normal life in the past and in the future; increased risk of harm in the future; and damage to his property.

WHEREFORE, Plaintiff JAMES HARRE, prays for judgment against Defendant RODNEY HUNT, including but not limited to an award of compensatory damages in addition to those recoverable under the previously-cited statutes and codes.  Plaintiff further prays for any additional relief this Honorable Court deems just and proper.

**PLAINTIF DEMANDS A TRIAL BY JURY.**

**Dated: July 24, 2023**

Respectfully Submitted by:

/s/ *Erin A. Walgrave*
*One of Plaintiff's Attorneys*

Gary A. Newland
Erin A. Walgrave
NEWLAND & NEWLAND, LLP.
121 S. Wilke Rd., Ste. 301
Arlington Heights, IL 60005
847.797.8000
Paralegal.newland3@gmail.com
erin@newlandlaw.com
Attorneys for Plaintiff