UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES HARRE,

    Plaintiff,

v.

TRAVIS WAYLAND et al,

    Defendants.

Case No. 3:23-cv-02555-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on multiple motions to dismiss (Doc. 41, 44). The Defendants submitted their motions on September 22, 2023 and September 25, 2023. The Defendants seek dismissal of the Plaintiff's suit on the grounds that this court lacks jurisdiction. Because the Plaintiff has no private right of action under the statutes invoked, and all the parties are citizens of Illinois, the Court finds that this case neither raises a federal question nor meets the requirements for diversity jurisdiction. Accordingly, the Court **GRANTS** the motion to dismiss without prejudice.

The Plaintiff filed their complaint on July 24, 2023. (Doc. 1). The complaint alleges that the Defendants negligently sprayed insecticide, fungicide, or rodenticide over a road while the Plaintiff was driving—causing serious injuries. (Id.). The Complaint seeks recovery on sixteen counts: violations of the Federal Insecticide, Fungicide, and Rodenticide Act (counts 1-4); 7 U.S.C. § 136 (hereinafter "FIFR"); violations of Federal Aviation Act, 49 U.S.C. § 1301 (hereinafter "FAA") and related regulations (counts 5-8); 14 CFR 137; and negligence (counts 9-16). (Doc. 1). The Plaintiff has referred to their negligence claims as "state law" claims. For ease of reference, the Plaintiff's claims under FIFR, FAA, and 14 CFR 137 shall be referred to

collectively as the Plaintiff's "Federal Claims."

The Plaintiff has argued that this Court has jurisdiction because their Federal Claims raise a federal question. Additionally, the Plaintiff claims that the Court can extend supplemental jurisdiction to the Plaintiff's "state-law" negligence claims. Because the Plaintiff is a citizen of Illinois and has alleged that all Defendants are citizens of Illinois, this case is ineligible for diversity jurisdiction. Therefore, if the Plaintiff's Federal Claims do not raise a federal question, then the Court has no jurisdiction.

Whether the Plaintiff's Federal Claims present a federal question depends on whether Congress or the promulgating administrative agency gave individuals a private right of action. To determine whether there is a private right of action the Court examines the text of the disputed statute or regulation for an explicit provision. If the statute or regulations lacks an explicit right of action, the Court turns its analysis to whether there is an implied private right of action:

> In deciding whether a federal statute creates an implied private right of action, the court's task is to interpret the statute to determine whether it displays an intent to create both a private right and a private remedy. Rights-creating language is critical to that analysis. The court looks for statutory language that explicitly confers a right directly on a class of persons including the plaintiff. Statutes that focus on the person regulated rather than the individuals protected create "no implication of an intent to confer rights on a particular class of persons."

*Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 857 (7th Cir. 2013).

An examination of the Plaintiff's Federal Claims yields neither an explicit nor implicit private right of action. The text of the statutes are bereft of any language explicitly creating a private cause of action. *See* FIFR, Pub L. 80-103; FAA, 49 U.S.C. § 1301; 14 C.F.R. 137. Not only do the statutes refer solely to the regulated parties, any provisions concerning enforcement or inspection are reserved for government agents acting in their official capacity.

Without either an explicit or implicit private cause of action, the Plaintiff's Federal Claims do not present a federal question. Merely alleging the violation of a federal statute or regulation, without a private right of action, is insufficient to establish jurisdiction. While the Plaintiff may use purported violations of these statutes or regulations as *evidence* of negligence, the Plaintiff cannot use the purported violations of these federal statutes or regulations as a pretext for federal jurisdiction.

## CONCLUSION

As FIFR, FAA, and 14 CFR 137 do not give a valid private right of action, and all parties are all citizens of Illinois, the Court lacks subject matter jurisdiction. Accordingly, the Court **GRANTS** the motion to dismiss without prejudice.

**IT IS SO ORDERED.**
**DATED:  January 11, 2024**

                                                *s/ J. Phil Gilbert*
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**